UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Civil Action No. 5:19-cv-132-TBR

MARTHA ASHBY                                                                                    PLAINTIFF

v.                                    **AMENDED COMPLAINT**
                                           **Electronically Filed**

BILA FAMILY PARTNERSHIP

and

BIG LOTS STORES, INC.

and

PARK PLAZA ZMCS LLC
    <u>Serve Via Registered Agent:</u>
        Corporation Service Company
        421 West Main Street
        Frankfort, KY 40601                                                   DEFENDANTS

1.    Plaintiff Martha Ashby is an adult individual and citizen of the Commonwealth of Kentucky who resides at 605 Freemont Drive, Hopkinsville, Kentucky.

2.    Defendant Bila Family Partnership is a New York Family Partnership which maintains its principle executive offices at 162 N. Maine Street, Florida, New York.  At all times relevant to this complaint, Defendant Bila Family Partnership owned the premises, including but not limited to the common areas and the parking lot, at 2601 Fort Campbell Boulevard, Hopkinsville, KY 42240 (hereinafter "the premises").  The premises includes property leased to various businesses, including Defendant Big Lots Stores, Inc.

3.    The Defendant, Bila Family Partnership, is believed to be a foreign partnership, and therefore, a nonresident of the Commonwealth of Kentucky.  Since the claims of Plaintiff herein relate to a negligence action, nuisance action, and res ipsa loquitor action in Christian County, Kentucky, pursuant to KRS 454.210, this court has in personam jurisdiction over said Defendant.  In accordance with said statute, the Secretary of State of the Commonwealth of Kentucky is deemed the statutory agent for service of

process of said Defendant, Bila Family Partnership. Accordingly, service of summons should be effectuated in accordance with this statute. Said Defendant's last known address is 162 N. Maine Street, Florida, NY 10921.

4. At times relevant to this complaint, Defendant Bila Family Partnership engaged in business within Christian County, Kentucky, on a regular, systematic, continuous, and substantial basis.

5. At all times relevant to this complaint, Defendant Bila Family Partnership was the owner of the premises, including its parking lot area, and supervised, managed, oversaw, controlled, inspected, maintained, and/or operated the premises and its parking lot area. As such, at all times relevant to this complaint, Defendant Bila Family Partnership knew or should have known that the premises and its parking lot area were used by business invitees on a regular basis, as the premises includes property leased to various businesses, including Defendant Big Lots Stores, Inc., which businesses are frequented by business invitees on a regular basis.

6. At all times relevant to this complaint, Defendant Bila Family Partnership had actual and/or constructive knowledge of the use by business invitees of the premises including the parking lot area.

7. On or about November 4, 2018, Plaintiff was a business invitee of the premises and the parking lot area of Defendant Bila Family Partnership and of Defendant Bila Family Partnership's lessee, Defendant Big Lots Stores, Inc.

8. At all times relevant to this complaint, including on or about November 4, 2018, Defendant Bila Family Partnership owed a duty to use reasonable care to avoid causing injury to the Plaintiff, to insure her safety and well-being while using the premises including the parking lot area of the premises, and to provide a safe environment free from hazards and dangerous conditions.

9. On or about November 4, 2018, there were defects in the parking lot area of the premises, specifically a depression or "pothole" in an area which was foreseeable to and intended by the Defendant Bila Family Partnership to be used by its business invitees, and the business invitees of Defendant Bila Family Partnership's lessees. The Defendant Bila Family Partnership had actual and/or constructive knowledge of the existence of this defect.

10. On or about November 4, 2018, Plaintiff in her capacity as a business invitee of both Defendant Bila Family Partnership and Defendant Bila Family Partnership's lessee, Defendant Big Lots Stores, Inc., was on the premises and its parking lot area. As Plaintiff was walking therein, she was caused to trip, slip, fall and/or become injured because of the defects in the parking lot area of the premises, specifically a significant depression or "pothole".

11. As a foreseeable, direct, and proximate result of the action/inaction described in this complaint of Defendant Bila Family Partnership, Plaintiff has sustained severe and painful injuries; ongoing physical pain and suffering; mental grief and anguish.

12. As a foreseeable, direct, and proximate result of the action/inaction described in this complaint by Defendant Bila Family Partnership, Plaintiff was required to attend numerous doctor visits, limiting her freedom of activity.

13. As a foreseeable, direct, and proximate result of the action/inaction described in this complaint by Defendant Bila Family Partnership, Plaintiff has suffered and will continue to suffer pecuniary loss, will need additional medical treatment, and has incurred and will continue to incur medical treatment expenses, expenses for medications, and other expenses.

14. As a foreseeable, direct, and proximate result of the action/inaction described in this complaint by Defendant Bila Family Partnership, Plaintiff has experienced and will continue to experience agonizing aches, pains and mental anguish; has been prevented from participating fully in activities of her avocations; has missed time from her employment; has experienced and will continue to experience pecuniary loss; and has sustained a loss of life's pleasures and negative impact upon her lifestyle.

15. The injuries sustained by Plaintiff were due in no manner whatsoever to any action or failure to act by Plaintiff.

## COUNT 1

### Negligence

16. Plaintiff realleges and incorporates the allegations contained in each other paragraph of this complaint as if fully set forth in this count.

17. Defendant Bila Family Partnership breached the aforementioned duty to Plaintiff, was negligent, in each of the following ways:

    i.    by failing to provide Plaintiff with a safe environment free from hazards and dangerous conditions, specifically in the parking lot area of the premises;

    ii.    by failing adequately to maintain the parking lot area of the premises;

    iii.    by negligently maintaining the parking lot area of the premises;

    iv.    by failing to inspect the parking lot area of the premises;

    v.    by creating a trap, nuisance and/or dangerous condition, or causing or allowing such to occur, in the parking lot area of the premises;

    vi.    by failing to warn plaintiff of the dangerous condition of, and/or created by, the pothole/depression in the parking lot area of the premises which caused Plaintiff to become injured;

    vii.    by failing to barricade the area and/or to place warning signs to alert Plaintiff to the dangerous condition of, and/or created by, the pothole/depression in the parking lot area of the premises which caused plaintiff to become injured;

    viii.    by failing properly to select, to train, to oversee, and/or to supervise its employees, workmen, staff, agents, and personnel, regarding the maintenance of the parking lot area of the premises;

    ix.    by using negligent hiring and contracting practices regarding insuring safety of its business invitees and the maintenance of the parking lot area of the premises;

    x.    by disregarding the rights and safety of the Plaintiff and others using the parking lot area of the premises;

    xi.    by failing to use due care under the attendant circumstances;

    xii.    by such other acts of carelessness and negligence as may be uncovered through the discovery process.

18. As a foreseeable, direct and proximate result of the above-described action/inaction of Defendant Bila Family Partnership Plaintiff has suffered injuries and damages as more fully described elsewhere in this complaint.

19. The above-described action/inaction of Defendant Bila Family Partnership was a foreseeable and proximate cause of the injuries and damages Plaintiff has suffered as more fully described elsewhere in this complaint.

**WHEREFORE,** Plaintiff demands judgment against Defendant Bila Family Partnership, for compensatory damages in an amount in excess of fifty thousand dollars ($ 50,000.00), together with pre-judgment and post-judgment interest, costs of suit, attorneys' fees, a trial by jury, and such other and further relief as may be just and equitable.

### COUNT TWO

Nuisance

20. Plaintiff realleges and incorporates the allegations contained in each other paragraph of this complaint as if fully set forth in this count.

21. Defendant Bila Family Partnership maintained the parking lot area of the premises in such a manner that resulted in the creation and permitted maintenance of a nuisance, a nuisance per se, a private nuisance, a public nuisance, and/or a united nuisance to exist, up to and including the date that Plaintiff sustained the injuries complained of herein.

22. As a foreseeable, direct, and proximate result of the above-referred to nuisance or nuisances, Plaintiff has suffered and will continue to suffer severe, permanent, and personal damages as more fully set forth elsewhere in this complaint.

**WHEREFORE,** Plaintiff demands judgment against Defendant Bila Family Partnership for compensatory damages in an amount in excess of fifty-thousand dollars ($ 50,000.00), together with pre-judgment and post-judgment interest, costs of suit attorneys' fees, a trial by jury, and such other and further relief as may be just and equitable.

## COUNT THREE

Res Ipsa Loquitor

23. Plaintiff realleges and incorporates the allegations contained in each other paragraph of this complaint as if fully set forth in this count.

24. At all relevant times, the instrumentality that caused the injuries to Plaintiff was in the control of Defendant Bila Family Partnership, and the occurrence complained of is of a kind which ordinarily does not occur in the absence of negligence on the part of the entity/person(s) in charge of the ownership, supervision, or maintenance thereof.

25. No action/inaction by the Plaintiff or persons other than Defendant Bila Family Partnership and its agent(s), designee(s), servant(s), workmen, or employee(s), caused or contributed to the Plaintiff's injuries and losses.

26. The negligence, or action/inaction, of Defendant Bila Family Partnership is within the scope of Defendant Bila Family Partnership's above-described duties to the Plaintiff.

27. In light of the foregoing, the Plaintiff is entitled to rely on the doctrine of *res ipsa loquitur* in holding Defendant Bila Family Partnership liable for the events and injuries and damages set forth above.

**WHEREFORE,** Plaintiff demands judgment against Defendant Bila Family Partnership for compensatory damages in an amount in excess of fifty-thousand dollars ($ 50,000.00), together with pre-judgment and post-judgment interest, costs of suit, attorneys' fees, a trial by jury, and such other and further relief as may be just and equitable.

## COUNT FOUR

Claims Against Defendant Big Lots Stores, Inc.

28. Plaintiff realleges and incorporates the allegations contained in each other paragraph of this complaint as if fully set forth in this count. Plaintiff specifically alleges all causes of action in Counts One, Two, and Three above against Defendant Big Lots Stores, Inc.

29. Defendant Big Lots Stores, Inc. is a foreign corporation with its principal place of business in Columbus, Ohio.

30. At all times relevant, Plaintiff was a business invitee of Defendant Big Lots Stores, Inc.

31. At all times relevant, Defendant Big Lots Stores, Inc., had a duty to maintain the parking lot in which Plaintiff fell and sustained injury in a reasonably safe condition.

32. Defendant Big Lots Stores, Inc. failed to maintain the parking lot in which Plaintiff fell in a reasonably safe condition.

33. Defendant Big Lots Stores, Inc. failed to warn Plaintiff of a defective, unreasonably dangerous condition in the parking lot in which Plaintiff fell and sustained injury.

34. The above-described conduct of Defendant Big Lots Stores, Inc. caused Plaintiff to sustain numerous injuries, to incur medical expense past and future, to endure pain and suffering past and future, to miss time from her employment, and has permanently impaired Plaintiff's power to earn money.

**WHEREFORE,** Plaintiff demands judgment against Defendant Big Lots Stores, Inc. for compensatory damages in an amount in excess of fifty-thousand dollars ($ 50,000.00), together with pre-judgment and post-judgment interest, costs of suit, attorneys' fees, a trial by jury, and such other and further relief as may be just and equitable.

## COUNT FIVE

Claims Against Defendant Park Plaza ZMCS LLC

35. Plaintiff realleges and incorporates the allegations contained in each other paragraph of this complaint as if fully set forth in this count. Plaintiff specifically alleges all causes of action in Counts One, Two, and Three above against Defendant Park Plaza ZMCS LLC.

36. Defendant Park Plaza ZMCS LLC is a Kentucky Limited Liability Company with its principal place of business in Florida, New York, and its registered agent for service of process is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

37. At all times relevant, Defendant Park Plaza ZMCS LLC owned the premises, including but not limited to the common areas and parking lot, located at 2601 Fort Campbell Boulevard, Hopkinsville, Kentucky 42240.

38. At all times relevant, Plaintiff was a business invitee of Defendant Park Plaza ZMCS LLC.

39. At all times relevant, Defendant Park Plaza ZMCS LLC had a duty to maintain the parking lot in which Plaintiff fell and sustained injury in a reasonably safe condition.

40. Defendant Park Plaza ZMCS LLC failed to maintain the parking lot in which Plaintiff fell in a reasonably safe condition.

41. Defendant Park Plaza ZMCS LLC failed to warn Plaintiff of a defective, unreasonably dangerous condition in the parking lot in which Plaintiff fell and sustained injury.

42. The above-described conduct of Defendant Park Plaza ZMCS LLC caused Plaintiff to sustain numerous injuries, to incur medical expense past and future, to endure pain and suffering past and future, to miss time from her employment, and has permanently impaired Plaintiff's power to earn money.

**WHEREFORE,** Plaintiff demands judgment against Defendant Park Plaza ZMCS LLC for compensatory damages in an amount in excess of fifty-thousand dollars ($ 50,000.00), together with pre-judgment and post-judgment interest, costs of suit, attorneys' fees, a trial by jury, and such other and further relief as may be just and equitable.

Respectfully submitted,

HOUSMAN, GARATT & DUNCAN, PLLC


/s/ Clay Duncan
CLAY DUNCAN
GEORDIE GARATT
109 S. 4th Street
PO Box 1196
Paducah KY  42002-1196
270-444-6644

Attorneys for Plaintiff

This the 30th day of October, 2019.

CERTIFICATION NOTICE PURSUANT TO 411.188

  Without conceding the propriety or the constitutionality of KRS 411.188, nor the admissibility in evidence before a jury of the information described in that statute, I hereby certify that a copy of this Complaint and Certification are being sent by certified mail, return receipt requested to:

| | |
|---|---|
| Blue Cross Blue Shield of Michigan | Kanaa Ford, Sr. Claim Specialist |
| Gary L. Schmalzried, Esq., Asst. Gen. Counsel | Liberty Mutual Insurance |
| 232 S Capitol Avenue, L09 | PO Box 7214 |
| Lansing MI  48933-1504 | London KY  40742 |
| | |
| | Claim #:  P58D032061 |

advising them of potential subrogation rights.  Failure to assert such rights by intervention, pursuant to Kentucky Civil Rule 24 may result in a loss of those rights with respect to any final award received by the plaintiff as a result of this action.

                /s/ Clay Duncan